UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY LYNN OWENS,　　　　　　　　　　　　　Case No. 1:07-CV-212

　　　　Plaintiff,　　　　　　　　　　　　　　　Hon. Richard Alan Enslen

　v.

COUNTY OF INGHAM, *et al.*,
　　　　　　　　　　　　　　　　　　　　　　　**JUDGMENT**
　　　　Defendants.
_____/

　　　　This matter is before the Court on Plaintiff Terry Lynn Owens' Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 7, 2008, which recommended that Defendants' Motion to Dismiss and/or for Summary Judgment be granted. The Court now reviews the Report, Objections, Defendants' Motion, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiff's *pro se* Complaint and Objections indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below and in the Report, the Court finds Plaintiff's Objections to be without merit.

　　　　Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a

reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.  While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. *See* Fed. R. Civ. P. 56(f); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990).  In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994).  The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).

Plaintiff's Complaint alleges the infliction of cruel and unusual punishment in violation of the Eighth Amendment.  The Court looks to *Helling v. McKinney*, 509 U.S. 25 (1993), when evaluating an Eighth Amendment claim based on inhumane conditions of confinement, and *Farmer v. Brennan*, 511 U.S. 825 (1994), when evaluating a claim based on failure of prison authorities to provide medical care.  In either situation, a plaintiff must prove both an objective and subjective component. *See Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–36.

Plaintiff objects to the Report's conclusion that a reasonable person would not have known that Plaintiff required surgery shortly after his injury.  He contends that "[a] layman could tell after one week of treatment, performing poorly on [the MRI] test and walking with a cane, that he probably had some type of injury that required surgery." (Obj. 3.)  Plaintiff also objects to the

Report's conclusion that the conduct of Defendants was, at most, negligent and thus does not present a cognizable Eighth Amendment claim. The Court agrees with the thorough analysis contained in the Report and finds no merit in the Objections. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999). Plaintiff has not demonstrated his injuries state a claim of constitutional magnitude or that a reasonable person would know he was suffering from an obvious impairment requiring surgery. *Cf. Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th cir. 2004); *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). Accordingly, no genuine issues of material fact exist and summary judgment is appropriate.

For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Terry Lynn Owens' Objections (Dkt. No. 39) are **DENIED**, the Report and Recommendation (Dkt. No. 36) is **ADOPTED**, Defendants County of Ingham, "John/Jane Doe," and Sheriff Gene Wriggelsworth's Motion to Dismiss and/or for Summary Judgment (Dkt. No. 6) is **GRANTED**, all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen  
   February 5, 2008  RICHARD ALAN ENSLEN  
   SENIOR UNITED STATES DISTRICT JUDGE